Our fifth case for today is Mid-Central Illinois Regional Council of Carpenters against Con-Tech Carpentry. Good morning or mid-afternoon, Your Honor. My name is Lawrence Kaplan and I'm here on behalf of Con-Tech Carpentry. This is a matter of an appeal from a default judgment entered in the district court. Before I go into the issues as to why there shouldn't have been a default entered, I think there has to be a little bit of background information for the court. This case involved a contractor who was operating under an international agreement with the Carpenters International Union. For two decades or more, this international agreement was always interpreted to mean that when a contractor was working out of his home jurisdiction, and in this case, Mid-Central District Council, he could send his pension and health and welfare benefits back to his home local. Right. I mean, we've read this background. I have a question for you. Good. Yes. All right. On December 30, you file your notice of appearance on behalf of your client. Yes, ma'am. And then on January 9, you file a couple of things, a third-party complaint. The magistrate judge, however, for more than a month prior to the 9th of January, had had the default entered under Rule 55A, and it is mystifying to me that you did not include in the January 9 filing a 55C motion to set aside the default, which is one of the things that gets us here, because once a default has been entered, we're in a whole different procedural realm, and I just can't figure out why throwing that into the mix wouldn't have... Well, that was a mistake, but can't we also argue effectively that the motions that were made were, in fact, a different name for a motion to set aside? No, you can't argue that, because, in fact, the magistrate judge had entered the default, and that's a step along the road to a default judgment. It's not the full trip, but you've got to set aside the default before you can then move on to your other arguments. In your case, a motion to stay, compel arbitration, whatever other things you wanted to say, and this came on against a backdrop of your having known about this case for a long time and not filing an appearance, not really making a peep, and I think the district court was concerned that you had just left it entirely out of the loop, basically, that you just weren't paying any attention to the case. It was an error on my part, there's no question. I was actively involved in the process of attempting to get arbitration. Right, but how would the district judge know that? He's going to chambers every day. It was clearly an error, but my point in this appeal, of course, is that this type of mistake or misunderstanding, as the district court held, is not sufficient to uphold a default judgment under these circumstances. See, here's the problem. You got beyond the default stage. The district court, rightly or wrongly, I'm happy to entertain either way, but it grants the motion for a default judgment on the 13th of January, and so then you're in Rule 60B territory. 60B1, you're arguing excusable neglect, but the standard of review on Rule 60B decisions is extremely deferential to the district court, and one has to look long and hard to find appellate court cases that say that the district court abused that discretion. Well, if it had been at the 55C level, that would have been a whole different analysis, and most of the cases you cited are actually 55C cases. Well, I think under the circumstances, however, the quick action, which I understand is that it's after the pardon me. There wasn't quick action. There wasn't quick action. That's part of the problem. The default was entered, and nothing happened for an extended period. Well, the notice of the default first came in. Are you arguing to us that the magistrate judge lacked authority to enter a default as opposed to recommending to the district judge that a default be entered? This could affect whether Rule 55C applies. I didn't see such an argument in your brief. I wonder if it was deliberately omitted, casually omitted. I'm sorry, Your Honor. You're asking whether I'm arguing. Part of the argument is whether the magistrate had the authority to enter a default. Yeah, whether a magistrate judge can enter a default. Well, there are several arguments there. First of all, one of the notices was not to my client. Look, I'm asking whether this argument has been preserved. The answer may be no. The answer is probably no. Yes, that has not been preserved. Okay. All right. I didn't see anything about the magistrate judge's act, 28 U.S.C. section 636. There's no discussion of 636. So the question is, under the circumstances, whether it's a 60B or whether it's a 60B. I mean, it is a 60B. Yes, it is, and whether or not, under these circumstances, it is an abuse of discretion, number one, to allow additional time to plead, number two, when a motion has been made to compel arbitration,  But what he had said, and there's an analogy here to people who want to amend their complaints. Before a final judgment, a Rule 58 final judgment's been entered, Rule 15 governs that leave to amend shall be freely granted, et cetera. But if a final judgment's been entered and somebody then comes in and says, Oh, you know, I want to amend the complaint, you've actually got to go through the machinery of saying, Oh, well, now we meet the standards of Rule 59 to open up that judgment, and now we'll consider the amendment. So the freely amend standard doesn't work. Analogously here, once that default has been entered, you've got to erase it from the books before all the rest of the law that you cite comes into play. Because otherwise you have, I mean, the proceedings are not orderly otherwise. Well, they are not orderly, and that was a mistake in terms of how I approached it. I understand that. But there are compelling reasons under an abuse of discretion, I believe, to allow, I understand it was not to set aside the Rule 55. Do we have any case in which we've said the district court abused its discretion by refusing to set aside a default judgment, entered against a party that had actual knowledge that the litigation was filed, and just decided for its own reasons not to file an answer? There are cases such as that, and I cite them in my brief where counsel had knowledge. The cases you've cited in your brief stand for the proposition that it was not an abuse of discretion to give the party relief from the judgment. I'm asking whether you have cases that hold that it is an abuse of discretion not to give the party relief. Generally what discretion means is the ability to decide either way and be affirmed. So if you show that relief from judgment is not an abuse of discretion, you have not established that failure to relieve from judgment is an abuse of discretion. That's why I'm asking the precise question I asked. Do I cite a case that you just proposed? No, that's not in the brief. However, I think equity under the circumstances, the proposition is the same either way. No, it is not, for the reason I just gave. Discretion is the ability to decide either way and be affirmed. Okay. If you must decide only one way, then the outcome is legally required, not discretionary. I've also raised the issue of whether there's federal jurisdiction in this case to begin with because what the other side is raising in this case is to have a contractor pay benefits to a third party. They disclaim that, though. I don't think they do, Your Honor. They do. They say you're the one who's saying that, and it's actually to the extent you're making a third-party standing complaint, what the Supreme Court used to call prudential standing, the court has now said let's not be sloppy about the term standing. There is certainly injury causation and redressability in this case, and whether you own the claim or whether you're the real party in interest or whether you're trying to assert somebody else's rights is a question in litigation, of course, but it's a question of sub-jurisdictional significance. Okay. Again, given these circumstances, I have not seen in their briefing that the other side, in fact, says that they're not seeking to have these funds sent to a third party. I raised it in the original brief of an appeal. They do not deny it in their response brief, and then I raise it again in the reply brief. So nowhere in their response brief do they deny the statement that they want us to send money, that this particular group is suing to have money sent to a third party, and I don't think there's judicial standing under the law. I don't understand what that has to do with jurisdiction. If you take questions, walk this back, let's assume that that's the relief the union is seeking. Yes, sir. The union claims to be seeking it, that indeed is what it's seeking, as an agent. We have lawsuits filed by agents of other people all the time. Why is that a jurisdictional problem? They're not an agent. You may deny that they are an agent, but that concerns the merits rather than the jurisdiction of the tribunal to resolve whether they are an agent. I don't think they even made a claim that they were agents for any third party. They just brought this action in their own right, and as such, since they're asking for relief for third parties, I don't see how they have any standing in this court. Okay. Okay, thank you. Thank you very much. Mr. Kimme. Good afternoon, Your Honors. So, Mr. Kimme, my question for you on the topic of abuse of discretion in this Rule 60B decision is, why isn't this an abuse when this case was barely born by the time it's dismissed on a default judgment? The thing is filed in, what, late September of 2014, and it's out the door by January 13, at a time when the appearance has been filed, at a time that the judge knows that the defendant, while perhaps slothful for a while, is coming to life. What's the rush? You know, why shouldn't the judge have just said, you know, we'll postpone the ruling on the motion for default judgment to see if there's any ruled motion to set aside the default? There are all kinds of things he could have done. I think you're right, and that goes to the idea of what is the discretion. I think Judge Easterbrook said it's the choice, the ability to make either decision be upheld. We understand that and apply it all the time, but one factor in whether the judge has gone outside the boundaries of his discretion is if he's just been so precipitous that you wouldn't sanction the course of action he took. Right. I think the record created by the district court in ruling on the motion to set aside lays out very well. As you point out, the timeline of events. And yes, it was quick. It did go quickly. Although the default, of course, has been sitting there for more than a month by the time. Correct. It was entered December 1st. And truth be told, in the central district, first of all, there is a standing order in the central district that defaults are entered by the magistrate and that the district court enters the default judgment. We've seen standing orders like that before. Do you think that's consistent with 636? I did not draft that. I didn't draft the standing order. That's not my question. I didn't ask you whether you drafted the district court's order. I asked you whether, in your view, that order is consistent with 28 U.S.C. 636. I'm not, off the top of my head, familiar with 636, Your Honor. That's the magistrate judge's act. And the reason Judge Easterbrook is asking that question, which might behoove counsel in all of our districts to at least bear in mind, is the Supreme Court's recent decision in wellness, there are actions that are beyond the authority of magistrate judges to take. But what wellness says is— Unless with consent. Unless with consent, and so each party can file a consent. Or, I would add, probably unless the magistrate judge takes the step of putting it in terms of a report and recommendation to the district court judge so that the district court judge can then actually enter the order. Those are the two paths. But a defendant who has ignored the litigation obviously has not filed a consent under 636C. I would agree with that. So then you have to pull it apart in some different ways. You do, of course, finally have the court granting the motion for default judgment. And, in fact, Rule 55 allows, in certain instances, even the clerk to enter default judgments if those criteria are met. So this is an unexplored area. Yep. And after we're done with this case, I think it will remain unexplored. If I may, one thing I would like to respond to is the idea of jurisdiction on appeal. The claim was made that the funds in this case simply seek to have contributions paid to somebody else, to the St. Louis District Council funds. And what was not explored during the appellant's opening statement was the actual language of these reciprocal agreements or of the international agreements and what they require. And Article 2 of the relevant agreement provides a payment of annuity, pension, and or health and welfare contributions for an employee's work in each locality, that in this case being the Central District of Illinois, shall be made to such funds and in such amounts in the applicable collective bargaining agreement for that locality, provided that the designated fund is signatory to one of these national reciprocal agreements. What the national reciprocal agreements allow is for exactly the position that these funds have taken as long as I've known it, which is you can pay them to these funds directly and they will be reciprocated to the member's home fund, or you can pay them to the member's home fund as long as you provide proof to the funds where the work was being done that the correct contribution rate was being paid. So this idea that we are seeking contributions on behalf of a third party I think is a false assertion. The case began with audits of the contract which they participated in. They agreed to allow those audits to take place. And when we do that, we don't know at the time what choice this employer is going to make, where they've paid those contributions before. Or frankly, on whose behalf those contributions are due. Because in many cases employers come from other areas, hire local members whose contributions absolutely would properly be paid to the funds for the Central District of Illinois. Now did you discuss this in your brief? I'm trying to remember. No, we did not, Your Honor. It's on the face of the applicable agreement. Okay. Okay. Thank you. All right, thank you very much. I'm not sure if your time ran out, but I'll let you have another minute if you would like. It is true there was no consent to the magistrate's jurisdiction, number one. But also what's interesting, there was no notice of the entry of default by the magistrate. Which, since counsel knew and was in active communication with me, he could have let me know that there was a default by the magistrate. Whether that's his obligation or not is another issue. Now if you had entered in appearance, you of course would have been on the service list. Yes, but we were in active communication. And furthermore, he does notify me on the 30th, so he could have easily done the same thing previously. So what you have here is a situation. Yes, the primary duty is mine because I did not enter my appearance. But secondarily, all of this is going on in the background and there is no notice of the magistrate having entered the default judgment. Thank you. All right, thank you very much. Thanks to both counsel.